## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RENE BRUNE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.:  2:17-CV-845-RDP |
| | } | |
| WAL-MART STORES EAST LP, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

The court has before it Defendant Wal-Mart Stores East, LP's Partial Motion to Dismiss

(Doc. #6) filed on June 14, 2017.  The Motion (Doc. #6) has been fully briefed (Docs. #6-1, 15,

16) and is properly before the court for review.

## I.    Procedural History

Plaintiff Rene Brune filed her Complaint in this court on May 22, 2017.  (Doc. #1).  The

Complaint asserts the following nine claims: Count One for racial discrimination in violation of

42 U.S.C. § 1981; Count Two for retaliation in violation of 42 U.S.C. § 1981; Count Three for

disability discrimination in violation of the Americans with Disabilities Act ("ADA") and

Americans with Disabilities Act Amendments Act ("ADAAA"); Count Four for retaliation in

violation of the ADA and the ADAAA; Count Five for violations of the Family and Medical

Leave Act ("FMLA"), including retaliation; Count Six for gender discrimination in violation of

Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); Count Seven for gender

retaliation in violation of Title VII; Count Eight for age discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"); and Count Nine for retaliation in violation of the

ADEA.  Attached as Plaintiff's Exhibit A to the Complaint is the charge of discrimination filed

with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2016.  Attached

as Plaintiff's Exhibit B to the Complaint is a Dismissal and Notice of Rights issued to Plaintiff and signed February 22, 2017. Attached as Plaintiff's Exhibit C to the Complaint is the EEOC intake questionnaire filled out and signed by Plaintiff on August 4, 2016.

On June 14, 2017, Defendant Wal-Mart Stores East, LP ("Defendant" or "Wal-Mart") filed a Partial Motion to Dismiss (Doc. #6) seeking dismissal of the claims asserted in Counts Three, Four, Five, Seven, Eight, and Nine of the Complaint. For the reasons set forth below, the court finds that Wal-Mart's Partial Motion to Dismiss (Doc. #6) is due to be granted.

## II.    Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III.    Discussion

Prior to filing a complaint of discrimination under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, a plaintiff first must exhaust administrative remedies by filing a charge of discrimination with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (ADA); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (ADEA). "The first step down the path of exhaustion is filing a timely charge of discrimination with the Commission." *Stamper v. Duval Co. Sch. Bd.*, 863 F.3d 1336, 1340 (11th Cir. 2017) (quoting *Wilkerson*, 270 F.3d at 1317); *see also Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).

A plaintiff's employment discrimination complaint is generally limited by the allegations contained in her charge and the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Id.* at 1280; *see also McClure v. Oasis Outsourcing II, Inc.* 674 Fed. Appx. 873, 875 (11th Cir. Dec. 29, 2016). Claims in a judicial complaint may "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Gregory*, 355 F.3d at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Charges in a judicial complaint must be "like or related to, or [grow] out of, the allegations contained in [a plaintiff's] EEOC charge." *Id.* at 1280. That is, "allegations of new acts of discrimination [in a complaint] are inappropriate." *Id.* at 1279-80. However, the scope of a charge of discrimination should not be strictly interpreted and procedural technicalities should not be permitted to bar claims. *Id.* at 1280.

### A. Plaintiff's Claims for Disability Discrimination and Retaliation under the ADA and the ADAAA are Administratively Barred

In Counts Three and Four of the Complaint, Plaintiff alleges disability discrimination and retaliation under the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act. (Compl., ¶¶ 46-70). Specifically, Plaintiff alleges that in or around September 2013 she was diagnosed with hemochromatosis, a metabolic disorder, and began having her blood drawn for lab work every two weeks with full doctor's visits every two months. (*Id.* ¶ 49). She alleges that after her diagnosis, Defendant perceived her as being disabled and treated her differently than similarly-situated, non-disabled males. (*Id.* ¶¶ 51, 65). Defendant contends that these claims are improperly asserted because Plaintiff failed to exhaust all available administrative remedies before including her claims under the ADA and ADAAA. (Doc. #6-1 at 3).

On its face, Plaintiff's EEOC charge contends discrimination only on the basis of race and sex. (Doc. # 1-1, Exh. A). The factual particulars set out:

> I am a White, female. I was employed by the above named employer from January 8, 2008, until my termination on July 1, 2016. I worked as an Assistant Manager. I was terminated for gross misconduct for failing to perform an audit in May 2016. I was informed that I was not eligible for rehire. Willie Dawson, was terminated in 2014, for a compliance issue. Within a few months, Mr. Dawson returned to work as an Assistant Manager. Mr. Dawson is a Black, male.
>
> I believe that I have been discriminated against because of my race, White and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> (*Id.*).

Quite clearly, no claim for disability discrimination, or investigation into disability, could be expected to grow out of this charge of discrimination. Rather, all factual allegations contained in the EEOC charge relate to Plaintiff's race and gender. *Sanchez v. Standard Brands*, 431 F.2d 455, 462 (5th Cir. 1970) (holding that "the crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations.").

While Plaintiff does not dispute this point, she argues that the court should look beyond the charge itself to her intake questionnaire. (Doc. #15 at 3-8). On the questionnaire, Plaintiff checked the boxes for employment discrimination on the bases of race, sex, age, disability, and retaliation. (*Id.*). She did not elaborate as to why the actions were discriminatory. She simply stated, "over the age of 50 years old, single, white, female." (*Id.*).

The Eleventh Circuit has held that an intake questionnaire is not generally intended to operate as an EEOC charge, but that a verified intake questionnaire might do so "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process." *Gray v. City of Montgomery*, 2015 WL 10791399 at *3 (M.D. Ala. April 11, 2015) (quoting *Bost v. Federal Express Corp.*, 372 F.3d

1233, 1240 (11th Cir. 2004)).  In one case in which an intake questionnaire was considered to be an EEOC charge, the court concluded that a declaration that a statement was made under penalty of perjury was sufficient to satisfy the requirements of Title VII and the EEOC regulations.  *Id.* (citing *Wilkerson*, 270 F.3d at 1317)).

Here, while the intake questionnaire was signed by Plaintiff, it was neither sworn nor notarized.  (Doc. #1-1, Exh. C).  That is, Plaintiff did not swear to or affirm the information in the questionnaire under penalty of perjury.  *See Francois v. Miami Dade County, Port of Miami*, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (questionnaire does not serve as a charge where it was not verified).  Moreover, Plaintiff filed a separate charge of discrimination, indicating that she understood that the questionnaire was not a charge.  *See Bost*, 372 F.3d at 1241 ("If [plaintiff] believed that he had filed a charge of discrimination when he filed the intake questionnaire, he would not have filed an additional timely charge of discrimination.").  Indeed, the very language of the box checked on the questionnaire "suggest[s] to a reasonable reader that the questionnaire was not a charge."  *Id.*; *Ambus v. Autozoners, LLC*, 938 F.Supp.2d 1225, 1232 (M.D. Ala. March 29, 2013) (holding that "because [plaintiff's] intake questionnaire was not verified, and he did subsequently file a separate charge," the intake questionnaire did not serve as a charge).  Finally, Wal-Mart did not receive a copy of the questionnaire and had no notice of any information which might have been contained on the questionnaire and not on the charge.  *See Wilkerson*, 270 F.3d at 1319 (noting that a charge serves "two significant functions: notice to the employer and initiation of an EEOC investigation").

For these reasons, the court readily concludes the intake questionnaire does not operate as a charge of discrimination.  As to the disability discrimination and retaliation claims contained in

Counts Three and Four of the complaint, administrative remedies were not exhausted and those claims are due to be dismissed.

**B. Plaintiff's Claims under the Family and Medical Leave Act are Untimely**

Defendant argues that Plaintiff's FMLA claims are untimely. (Doc. #6-1 at 8-9). Plaintiff concedes this point. The court agrees (indeed, the issue is not a close one) and, for that reason, Count Five of the complaint is due to be dismissed. (Doc. #15 at 11).

**C. Plaintiff's Claims for Discrimination and Retaliation under the Age Discrimination in Employment Act are Administratively Barred**

Similar to claims filed under the ADA, a plaintiff bringing suit under the ADEA must exhaust administrative remedies before filing a complaint in federal court. *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) (ADEA) (file charge within 180 days of discriminatory act in Alabama federal court); *see also Bost*, 372 F.3d at 1238 (ADEA). Because Plaintiff's charge of discrimination did not mention age or introduce any facts that would lead to an investigation of age discrimination, and because her intake questionnaire does not operate as part of her charge, Plaintiff has not exhausted her administrative remedies with respect to Counts Eight and Nine of the Complaint. Counts Eight and Nine are due to be dismissed.

**D. Plaintiff's Claim for Gender Retaliation under Title VII is Administratively Barred**

Count Seven of Plaintiff's Complaint alleges gender retaliation in violation of Title VII. (Compl., ¶¶ 109-24). Specifically, Plaintiff alleges that the Store Manager advised her that she "wasn't going to make it" and asked her about her personal life.[1] (Compl., ¶¶ 114-19). In her

---

[1] To be clear, the Complaint asserts no claim that Plaintiff suffered gender-based retaliation *after* the time she filed her EEOC charge. Were there such an allegation of opposition or participation, the claim may not be administratively barred. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (when a retaliation claim is based on adverse actions taken against the employee after the initial EEOC charge is filed, it can be said that the retaliation claim grows out of a properly filed employment discrimination charge, and it is not necessary for a plaintiff to file a second charge specifically alleging that retaliation). The allegations in this case do not implicate *Baker*.

EEOC charge, however, Plaintiff did not check the "retaliation" box. (Compl., Exh. A). The factual particulars of the charge focus on Plaintiff's termination for alleged "gross misconduct for failing to perform an audit in May 2016." (Doc. #1-2). Defendant contends that this charge failed to put the company on notice of a retaliation claim, and thus failed to give the company the opportunity to investigate and respond.[2] (Doc. #6-1 at 8). Plaintiff counters that the gender retaliation claim could reasonably be expected to grow out of the original charge of gender discrimination. (Doc. #15 at 9).

Plaintiff's judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge, but "the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280. Here, as in *Gregory*, the ultimate act about which Plaintiff complains is her termination. (Doc. #1-1). However, unlike in *Gregory*, here, Plaintiff's factual particulars give no indication that retaliation might be an issue. Instead, Plaintiff compares her race and gender to another employee, and makes no mention of complaining to superiors about gender-based comments. (*See* Doc. #1-1). She does not mention any protected activity (either participation or otherwise) that could support a claim of retaliation. *See Hilleman v. Univ. of Central Fl.*, No. 04-15153, 2006 WL 122430, at *2 (11th Cir. Jan. 18, 2006); *see also Pierre v. Park Hotels & Resort*, 2017 WL 4408972 at *3 (S.D. Fla. Oct. 4, 2017) (holding that where plaintiff failed to check the retaliation box, her claim could nevertheless stand because her charge of discrimination referred to several oral and written communications with employer regarding the denial of religious accommodation).

Because Plaintiff's race and sex discrimination complaints contained in her charge do not suggest that she might have suffered retaliation, the EEOC would not have reasonably uncovered evidence of retaliation. *Gregory*, 355 F.3d at 1280. Plaintiff's retaliation claim does not

---

[2] Similarly, the EEOC would not have had the opportunity to investigate this aspect of the charge.

"amplify, clarify, or more clearly focus the allegations in the EEOC charge," but instead constitutes a new allegation of discrimination. Plaintiff did not exhaust her administrative remedies regarding this claim. Count Seven of the Complaint is due to be dismissed.

## IV. Conclusion

For the reasons asserted herein, Defendant Wal-Mart Stores East, LP's Partial Motion to Dismiss (Doc. #6) is **GRANTED**. Counts Three, Four, Five, Seven, Eight, and Nine of the complaint are due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this October 16, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE